**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

WOODROW FLEMMING,

                                        Plaintiff,

            v.                                                          No. 06-CV-26
                                                                        (TJM/DRH)

GLENN GOORD, Commissioner of NYS Department
of Corrections; DONALD SELSKY, Director of
Special Housing for DOC Inmates; MICHAEL
MAHER, Deputy Acting Supervisor; NORMAN BEZIO,
Captain; DONALD G. UHLER, Captain; ANTHONY
BOUCAUD, Deputy Superintendent for
Administration; MITCHELL, Security Lt. in Charge;
ADMIKS, Lut. for Hearing and Acting Captain;
DONALD QUINN, Lut.; MARTIN, Lut. for Investigation;
FLETCHER, Sgt. for Security at RMU Walsh;
CARPENTER, Sgt. for Security at RMU Walsh;
THOMAS J. KOUROFSKY, Sgt.; ALLAN, Sgt. for
Security at RMU Walsh; GEORGE L. LAFRANCE, Sgt.
with Grievance Office; BISHOP, Sgt. in 11 Block;
JAMES SORELL, CO Security Officer; GUY R. FALCON,
CO Security Officer; STEVEN K. WENTZEL, CO
Security Officer; EDMUND BARR, Security Officer Co.;
TERRY JAMES, CO Security Officer; BRIAN R.
GRANFE, CO Security Officer; TERRY D. CHARLAND,
CO Security Officer; DANNIE MALLONI, CO Security
Officer at RMU Walsh; MRS. C.O. LOVETTE, Security
Officer at RMU Walsh; ANTHONY DURRANTE, Security
Officer of RMU Walsh; ANDY MEACHUM, Security
Officer at RMU Walsh; JAMES BENNETT, CO Law
Library Supervisor; GERALD CARON, Security Officer;
KIRK CROSSETT, Security Officer; PATRICIA, Security
Officer at RMU Walsh-Mohawk; DEANA BUFFHAM,
Medical and Medication Nurse; GEORGE WATERSON,
Medical and Medication Nurse; EVELYN WEISSMAN,
Head Doctor in Charge; LEO PAYANT, Superintendent
of RMU Walsh; DEPUTY ROSADRO, D.S.H.Head of
RMU Walsh Medical; DR. SHARMA; DR. BURDICK;
C.O. TERRY ASHLAW; and C.O. SZAJER,

                                        Defendants.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

WOODROW FLEMMING
No. 03-A-5259
Plaintiff Pro Se
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                    MEGAN M. BROWN, ESQ.
New York State Attorney General          Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Woodrow Flemming[2] ("Flemming"), an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brings this action pursuant

to 42 U.S.C. § 1983 alleging that defendants, forty DOCS employees,[3] violated his

constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments.  Am.

Compl. (Docket No. 5).  Presently pending is defendants' motion to dismiss pursuant to

Fed. R. Civ. P. 8 and 10, or, in the alternative, an order for a more definite statement under

Rule 12(e).  See Docket No. 67.  Defendants also contend that one of Flemming's claims is

---

[1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Flemming has extensive litigation experience, filing twenty-nine other federal
actions since 1997.  See U.S. Party/Case Index (visited Aug. 21, 2007)
<http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

[3] Two other defendants were previously dismissed.  See Docket Entry dated 4/5/06.

barred by the doctrine of res judicata.  See id.  Flemming opposes the motion.[4]  Docket

Nos. 69, 70.  Because the amended pleading filed by Flemming fails to satisfy the basic

pleading requirements established by the Federal Rules of Civil Procedure, it is

recommended that Flemming be given thirty (30) days to file a second and final amended

complaint and that the motion otherwise be denied.


**I. Discussion**

**A. Pleading Requirements**

Fed. R. Civ. P. 8(a) requires that a pleading "shall contain (1) a short and plain

statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and

plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand

for judgment for the relief the pleader seeks."  "The purpose of this Rule is to give fair notice

of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer [and] prepare an adequate defense."  Herbert v. Syracuse, N.Y. Welfare

Office, No. Civ. 06-848 (FJS/GHL), 2006 WL 2794400, at *1 (N.D.N.Y. Sept. 25, 2006)

(citations and internal quotation marks omitted).

---

[4] On March 2, 2007, Flemming filed what appears to be a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  See Docket No. 70 at 1-2.  However, because Flemming's apparent motion for summary judgment proffers no evidence in support of his claims, and instead reiterates the factual allegations made in the amended complaint, the motion is denied without prejudice but will be considered in opposition to defendants' motion to dismiss.  Further, Flemming's papers are nearly illegible and he is instructed that future submissions should be either typewritten or in legible handwriting.  This is not the first time that Flemming has been warned about filing illegible papers.  See, e.g., Flemming v. City of New York, No. Civ. 03-662 (NCG)(LB), 2006 WL 2853872, at *2 n.3 (E.D.N.Y. Sept. 29 ,2006); Flemming v. Wright, No. Civ. 06-86 (GLS)(GJD), 2006 WL 1174314, at *1 n.1 (N.D.N.Y. Apr. 28, 2006).

Rule 10 of the Federal Rules of Civil Procedure states, in relevant part, that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b); see also Herbert, 2006 WL 2794400, at *1.  Rule 10 "was designed 'to facilitate[ ] the clear presentation of the matters set forth,' so that allegations might easily be referenced in subsequent pleadings.'" Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005) (quoting Fed. R. Civ. P. 10(b)).

"A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal." Herbert, 2006 WL 2794400, at *1 (citing Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has stated, "'[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint.'" Herbert, 2006 WL 2794400, at *1 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998)).  However, dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Hudson v. Artuz, No. Civ. 95-4768 (JSR), 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998) (citation and internal quotation marks omitted).

**B. Allegations in Flemming's Amended Complaint**

On February 9, 2006, the district court held that Flemming's original complaint in this

4

action did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and granted Flemming thirty days to file an amended complaint or the action would be dismissed.  See Docket No. 4.  On February 21, 2006, Flemming submitted an amended complaint in compliance with that order.  A review of Flemming's amended complaint reveals that it fails substantially to satisfy the requirements of the above-mentioned rules. Although Flemming's amended complaint contains separately numbered paragraphs, each paragraph is approximately one page long and contains more than one allegation.  Further, Flemming has still failed to set forth specific allegations as to the alleged wrong doing of each defendant.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Accordingly, it is impossible for this Court to determine what, if anything, each person named in the amended complaint allegedly did, or failed to do, and how such action or inaction violated Flemming's rights.  Thus, Flemming is advised that absent specific allegations of personal involvement, the defendants for whom such allegations are lacking are entitled to be dismissed from this action.

Any second amended complaint, which shall supersede and replace in its entirety the previous complaint and amended complaint filed by Flemming, must contain sequentially numbered paragraphs containing **only one factual allegation per paragraph**.  Thus, if Flemming claims that his rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his second amended complaint for each such allegation.  Further, each such paragraph shall specify (1) the alleged fact, (2) the **date** on which such fact or misconduct occurred, (3) the names

5

of each and every individual who participated in such act or misconduct, and (4) where appropriate, the **location** where the alleged fact or misconduct occurred.  Finally, Flemming is cautioned that conclusory statements of wrong doing, such as "defendants violated my Eighth Amendment rights," are not sufficient.  Rather, Flemming must state what actions were taken, by whom they were taken, and how such actions violated his constitutional rights.[5]

## II.  Conclusion[6]

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 67) be **GRANTED** to the extent that Flemming be granted **thirty (30) days** from the date of the district court's decision on this motion to file a second amended complaint which complies fully with the terms detailed above, and that defendants' motion be **DENIED** without prejudice in all other respects.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

---

[5] It should be noted that in his fourth cause of action, Flemming has sufficiently alleged, albeit barely, an Eighth Amendment excessive force violation.  Flemming alleges that "CO Anthony Durrante" assaulted him on February 15, 2005.  See Am. Compl. at ¶ 46.  However, Flemming is directed to supplement this claim with supporting facts about how the assault occurred and any injuries that resulted.

[6] Defendants also contend that Flemming's amended complaint is barred by res judicata and that they are entitled to qualified immunity.  See Defs. Mem. of Law (Docket No. 67) at 1-3, 6-7.  However, as discussed supra, the true nature of Flemming's claims have yet to be determined.  Thus, it would be premature to rule on either issue until Flemming has had an opportunity to amend his complaint.  Therefore, it is recommended that defendants' motion on these grounds be denied without prejudice to be renewed upon Flemming's submission of a second amended complaint.

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  August 23, 2007
           Albany, New York

David R. Homer

United States Magistrate Judge

7