**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WOODROW FLEMMING,

                        Plaintiff,

    v.                                                    No. 06-CV-26
                                                               (TJM/DRH)

GLENN GOORD, Commissioner of NYS Department of Corrections; DONALD SELSKY, Director of Special Housing for DOCS Inmates; MICHAEL MAHER, Deputy Acting Supervisor; NORMAN BEZIO, Captain; DONALD G. UHLER, Captain; ANTHONY BOUCAUD, Deputy Superintendent for Administration; MITCHELL, Security Lt. in Charge; ADMIKS, Lut. for Hearing and Acting Captain; DONALD QUINN, Lut.; MARTIN, Lut. for Investigation; FLETCHER, Sgt. for Security at RMU Walsh; CARPENTER, Sgt. for Security at RMU Walsh; THOMAS J. KOUROFSKY, Sgt.; ALLAN, Sgt. for Security at RMU Walsh; GEORGE L. LAFRANCE, Sgt. with Grievance Office; BISHOP, Sgt. in 11 Block; JAMES SORELL, CO Security Officer; GUY R. FALCON, CO Security Officer; STEVEN K. WENTZEL, CO Security Officer; EDMUND BARR, Security Officer Co.; TERRY JAMES, CO Security Officer; BRIAN R. GRANFE, CO Security Officer; TERRY D. CHARLAND, CO Security Officer; DANNIE MALLONI, CO Security Officer at RMU Walsh; MRS. C.O. LOVETTE, Security Officer at RMU Walsh; ANTHONY DURRANTE, Security Officer of RMU Walsh; ANDY MEACHUM, Security Officer at RMU Walsh; JAMES BENNETT, CO Law Library Supervisor; GERALD CARON, Security Officer; KIRK CROSSETT, Security Officer; PATRICA, Security Officer at RMU Walsh-Mohawk; DEANA BUFFHAM, Medical and Medication Nurse; GEORGE WATERSON, Medical and Medication Nurse; EVELYN WEISSMAN, Head Doctor in Charge; LEO PAYANT, Superintendent of RMU Walsh; DEPUTY ROSADRO, D.S.H. Head of RMU Walsh Medical; DR. SHARMA; DR. BURDICK; C.O. TERRY ASHLAW; and C.O. SZAJER,

                                               Defendants.

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| WOODROW FLEMMING<br>Plaintiff Pro Se<br>03-A-5259<br>Upstate Correctional Facility<br>Post Office Box 2001<br>Malone, New York 12953 | |
| HON. ANDREW M. CUOMO<br>Attorney General for the<br>   State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | MEGAN M. BROWN, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Woodrow Flemming[2] ("Flemming"), an inmate currently in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, forty DOCS employees,[3] violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Second Am. Compl. (Docket No. 81). Presently pending is defendants' motion to dismiss pursuant to

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Flemming has extensive litigation experience, having filed at least thirty-one other federal actions since 1997. See U.S. Party/Case Index (visited Sept. 2, 2008) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

[3] Two other defendants, Lizer and Asklane, were named in the original complaint but were terminated as defendants on April 5, 2006. See second docket entry for 4/5/06.

Fed. R. Civ. P. 8, 10 and 12(b)(6).  Docket No. 84.[4]  Flemming opposes the motion.  Docket No. 85.  For the following reasons, it is recommended that defendants' motion be granted.

### I. Background

The facts are related herein in the light most favorable to Flemming as the non-moving party.  See subsection II(A) infra.  Flemming's allegations concern numerous incidents involving numerous defendants and are presented herein as best they can be discerned.

On or about December 13, 2003, Flemming was the subject of a retaliatory transfer from the Walsh Regional Medical Unit ("RMU") to Upstate RMU which was located in a maximum security prison.  Second Am. Compl. ¶¶ 7-8, 14.  Flemming was subjected to a second retaliatory transfer on April 5, 2005.  Id. ¶¶ 7, 12.  These transfers, and subsequent housing in Special Housing Units ("SHU")[5] deprived Flemming of due process and equal protection and inflicted cruel and unusual punishment.  Id. ¶ 7.  In addition, Flemming's health, safety, and constitutional rights were further infringed during his housing in SHU where he was

---

[4] The motion is made on behalf of all defendants except Mitchell and Patrica.  See Defs. Notice of Motion (Docket No. 84-1) at 1.  Flemming proceeds here in forma pauperis.  Docket Nos. 2, 4.  Summonses were issued for service by the United States Marshals Service for both Mitchell and Patrica on June 26, 2006.  Docket entry for 6/26/06.  Both summonses were returned unexecuted.  Docket No. 10.  Neither Mitchell nor Patrica have answered or otherwise appeared in the action.  More than 120 days have elapsed since the complaint was filed and the summonses were issued.  Accordingly, it is recommended that the second amended complaint be dismissed without prejudice as to both Mitchell and Patrica pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

[5] SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

housed with a medical machine which was not properly monitored. Id.

On or about March 30, 2004, defendant Lovette confiscated his legal work and it was never returned to him. Id. ¶ 16. Additionally, during an absence from his cell on February 3, 2005, all Flemming's legal work was taken from his cell and he has yet to recover all of it. Id. ¶¶ 22, 49-50; Flemming Mem. of Law (Docket No. 81) ¶ 76.

Flemming also alleges multiple instances where excessive force was used. On March 20, 2004, defendant Durrante injured Flemming during a search of his cell. Second Am. Compl. ¶ 15. On February 15, 2005, the same defendant pushed him to the floor and then wrote a false misbehavior report against Flemming. Id. ¶¶ 29, 32. On September 5, 2005, a use-of-force report was written detailing the release of chemical agents and subsequent events of Hyde, Tulip, Brousseau, Rushlow, and Paquin, who are not defendants herein. Second Am. Compl. ¶ 51; Docket 85 at 63-72. The next month, defendant Kourofsky physically assaulted Flemming and defendant Bishop assisted. Second Am. Compl. ¶¶ 53-55; Docket 85 at 63-72.

According to Flemming, the facility inmate handbook was intentionally denied him, the hearing officers at his disciplinary hearings were biased, he was wrongly denied good time credits, he was prevented from participating in religious programs and services, he was given a diet consisting exclusively of loaf and cabbage for seven to fifteen days at a time, and he was denied the use of his wheelchair, walker, and cane while in his cell. Second Am. Compl. ¶¶ 7, 21, 60, 40, 43-46, 55(l),(m); Docket No. 85, ex. C at ¶¶ 2-3, 5-9; Flemming Mem. of Law ¶¶ 62-65, 72.[6]

---

[6] These claims are derived from a liberal reading of Flemming's second amended complaint and an attempt to decipher his nearly illegible submissions and piecemeal

4

This action followed. In an order dated February 9, 2006, Flemming was directed to file an amended complaint complying with the pleading requirements of the federal rules by "set[ting] forth any specific allegations of wrong doing by each of the defendants [as] . . . it is [currently] impossible for this Court to determine what, if anything, each person named in the complaint allegedly did, or failed to do, and how such action or inaction violated [Flemming's] rights." Docket No. 4 at 3. The district court granted Flemming thirty days to file an amended complaint or the action would be dismissed. Id.

On February 21, 2006, Flemming filed his first amended complaint. Docket No. 5. Defendants moved to dismiss this amended complaint pursuant to Fed. R. Civ. P. 8 and 10 and the doctrine of res judicata. Docket No. 67. In a report-recommendation and order, the undersigned stated that "Flemming's amended complaint . . . fails substantially to satisfy the requirements of [Rules 8 and 10]," and that

> any second amended complaint, which shall supersede and replace in its entirety the previous complaint and amended complaint . . . must contain sequentially numbered paragraphs containing **only one factual allegation per paragraph** . . . [and] each such paragraph shall specify (1) the alleged fact, (2) the **date** on which such fact or misconduct occurred, (3) the names of each and every individual who participated in such act or misconduct, and (4) where appropriate, the **location** where the alleged fact or misconduct occurred . . . caution[ing] that conclusory statements . . . are not sufficient.

Docket No. 78 at 5-6 (emphasis in original). Flemming was again granted thirty days within which to amend his complaint. Id. On September 4, 2007, Flemming filed his second amended complaint. Docket No. 81. This motion followed.

---

documentary support. It should be noted that "[t]his is not the first time that Flemming has been warned about filing illegible papers." Docket No. 35 (citing Flemming v. City of New York, No. 03-CV-662 (NCG/LB), 2006 WL 2853872, at *2 n.3 (E.D.N.Y. Sept. 29, 2006); Flemming v. Wright, No. 06-CV-86 (GLS/GJD), 2006 WL 1174314, at *1 n.1 (N.D.N.Y. Apr. 28, 2006))

5

## II.  Discussion

In his second amended complaint, Flemming alleges that defendants violated his (1) First Amendment rights by retaliating against him, impeding his access to the courts by confiscating and failing to protect his legal mail, and preventing him from participating in religious services; (2) Eighth Amendment rights by subjecting him to excessive force, cruel and inhumane conditions of confinement, and deliberately interfering with his medical treatment by prohibiting him from using his wheelchair, walker, and cane in his cell; and (3) Fourteenth Amendment rights by destroying and failing adequately to protect his property, failing properly to investigate and conduct hearings pertaining to the grievances he filed, and confining him in SHU.  Defendants argue that the second amended complaint should be dismissed because (1) Flemming did not comply with the pleading requirements, (2) Flemming's claims are barred by res judicata, and (3) defendants are entitled to qualified immunity.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, __ F.3d __, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### B.  Res Judicata

Under the Full Faith and Credit Clause of the United States Constitution, federal courts must grant state court judgments the same preclusive effects as those given to other courts within the state.  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984)).  "Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94 (1980).

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen, 449 U.S. at 94 (applying res judicata to a § 1983 action).  Thus, to sustain a claim of res judicata, a defendant must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims

7

asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted).  In New York State, the analysis is governed by the transactional approach by which later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] . . . based on different legal theories or seek[] dissimilar or additional relief."  Id.

The bar of res judicata will not apply where the original forum is incapable of providing the relief requested by the plaintiff.  Id.; Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986).  Even if res judicata is inapplicable to a § 1983 action because the state court forum was incapable of awarding the requested relief, it does not preclude the application of collateral estoppel.  See Phifer v. City of New York, 289 F.3d 49, 56 (2d Cir. 2002).

In this case, res judicata serves to bar many of Flemming's claims.  Most of Flemming's contentions here were dismissed by an order dated December 4, 2006 from another civil rights action filed in this district.  See Flemming v. Payant, No. 05-CV-473 (DNH/DEP) (hereinafter "Flemming I").  In Flemming I, the court noted that "[Flemming's] amended complaint remain[ed] disjointed and confused, making it next to impossible for the Court to discern the sufficiency of [Flemming's] claims," but the court ultimately dismissed the complaint because the conclusory allegations Flemming asserted were insufficient to state a claim upon which relief could be granted.  Id. at 2-3.

However, the district court did not specify whether the case was dismissed with or without prejudice and, thus, whether the case was dismissed on the merits.  This, however, is immaterial.  See Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 72 (E.D.N.Y. 1996) (holding that failure to specify whether a case is dismissed with or without prejudice

8

does not render the decision incapable of being based on the merits as "the Second Circuit infers prejudice in the absence of an indication to the contrary." (citing Kern v. Hettinger, 303 F.2d 333, 340 (2d Cir. 1962) (holding that in "the absence of the words 'without prejudice,' we must and do decide that the dismissal was on the merits and that it was intended to be on the merits.")); see also Fed. R. Civ. P. 41(b) (stating that unless (1) otherwise stated or (2) based upon lack of jurisdiction, improper venue or failure to join a party, any dismissal order "operates as an adjudication on the merits."). In this case, Flemming I was not dismissed for lack of jurisdiction, improper venue, or failure to join a party. Nor did it specify that the case was dismissed without prejudice. Therefore, Flemming I is inferred to be adjudged on the merits.

The prior action involved only five defendants,[7] but all five were also named in the present action. The additional thirty-five defendants named in the present action are all clearly in privity with those five defendants by virtue of the allegations herein and that each was allegedly involved in the same transactions alleged in the two actions. Additionally, Flemming I asserted some of the same claims asserted in the present action. These claims include (1) the retaliatory transfers and the subsequent due process, equal protection, and Eighth Amendment deprivations stemming therefrom (Flemming I[8] ¶¶ 6, 8-10; Second Am. Compl. ¶¶ 7-8, 12, 14; Docket No. 85, ex. C ¶¶ 2, 6, 8, 9; Flemming Mem. of Law ¶¶ 48-49,

---

[7]Goord, Admiks, Fletcher, Payant, and Burdick. See Flemming I, ( Am. Compl. (Docket No. 6). In addition, five other defendants in this action (Selsky, Malloni, Durrante, Szajer, and Carpenter) were originally named as defendants but were dismissed from the action before the final adjudication. See Flemming I Docket entry for 10/17/05.

[8]All references to allegations in Flemming I are to those contained in the second amended complaint (Docket No. 40). All other references to a docket are to that of the present case.

9

61); (2) due process, equal protection, and Eighth Amendment violations pertaining to confinement in SHU with medical equipment (Flemming I ¶ 10; Second Am. Compl. ¶ 7; Docket No. 85, ex. C ¶¶ 3, 7; Flemming Mem. of Law ¶¶ 48-49); (3) denial of an inmate handbook (Flemming I ¶ 6; Second Am. Compl. ¶¶ 7, 21; Docket No. 85, ex. C ¶¶ 6, 9; Flemming Mem. of Law ¶¶ 63-65); (4) excessive force by Durrante on March 20, 2004 and February 15, 2005 (Flemming I ¶ 11; Second Am. Compl. ¶¶ 15, 29); (5) due process violations in the denial of good time credits (Flemming I ¶ 12; Docket No. 85, ex. C ¶ 5); (6) due process violations from biased disciplinary hearing officers (Flemming I ¶ 18; Second Am. Compl. ¶ 60); and (7) denial of access to and participation in religious programs and worship services (Flemming I ¶ 19; Flemming Mem. of Law ¶ 62). Each of these seven contentions was pled in both complaints in practically identical terms. Additionally, both final amended complaints draw on the same factual bases to assert the seven claims as the dates and events are the same in each complaint.

     Thus, the seven claims alleged in each final complaint arise from the same nucleus of operable facts and transactions. Accordingly, res judicata bars these claims being asserted again in this case. Defendants' motion to dismiss on this ground should be granted as to those seven claims.

### C. Sufficiency of Pleading

     Fed. R. Civ. P. 8(a) requires that a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." "The purpose of this Rule is to give fair notice

of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." Herbert v. Syracuse, N.Y. Welfare Office, No. Civ. 06-848 (FJS/GHL), 2006 WL 2794400, at *1 (N.D.N.Y. Sept. 25, 2006) (citations and internal quotation marks omitted).

    Rule 10 of the Federal Rules of Civil Procedure states, in relevant part, that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b); see also Herbert, 2006 WL 2794400, at *1. Rule 10 "was designed 'to facilitate[ ] the clear presentation of the matters set forth,' so that allegations might easily be referenced in subsequent pleadings.'" Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005) (quoting Fed. R. Civ. P. 10(b)).

"A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal." Herbert, 2006 WL 2794400, at *1 (citing Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "As the Second Circuit has stated, '[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint.'" Herbert, 2006 WL 2794400, at *1 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1998)). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Hudson v. Artuz, No. Civ. 95-4768 (JSR), 1998

11

WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998) (citation and internal quotation marks omitted).

Flemming has been instructed multiple times by this and other courts to comply with the pleading requirements of the federal rules. Despite the opportunities to file two amended complaints, the majority of Flemming's claims remain inadequately presented. Those claims are not asserted in a short and plain statement setting forth the defendant committing the alleged constitutional violation, when the deprivation occurred, where the deprivation occurred, or what, if any, harm resulted.

For the third time in his final complaint here, Flemming asserts that fourteen defendants conspired to file and continuously filed false misbehavior reports against him based on an institutional policy. Second Am. Compl. ¶ 18. While these defendants are named,[9] Flemming fails to assert any facts concerning the dates when these misbehavior reports were filed, what disciplinary violations were charged, whether Flemming received subsequent disciplinary hearings, and what were the final dispositions of the hearings. Furthermore, Flemming has failed to allege specific facts from which one could conclude that defendants' actions were motivated by Flemming's constitutionally protected activities as required to sustain such claims. Moreover, Flemming fails to allege any facts that could be construed to represent an agreement between these defendants sufficient to infer the existence of a conspiracy.

Additionally, Flemming continues to make conclusory allegations about the legal work

---

[9] Lovette, Malloni, Meachum, Durrante, Admiks, Rosadro, Burdick, Sharma, Mitchell, Szajer, Fletcher, Allan, and Carpenter. Second Am. Compl. ¶ 18. However, there are no dates of the alleged events and each defendant's personal involvement is only a conclusory allegation that he or she harassed and conspired against Flemming. Second Am. Compl. ¶ 55.

that disappeared from his cell.  Second Am. Compl. ¶¶ 16, 22; Flemming Mem. of Law ¶ 76.  However, Flemming does not identify which papers were missing, which defendants were responsible,[10] and how those missing papers prejudiced his subsequent judicial activities.  Thus, Flemming has not pled any facts to put forth adequately a First Amendment claim regarding his access to courts.

Furthermore, Flemming asserts that defendant Weissman and "a black nurse" violated his Eighth Amendment rights by prohibiting him from using his cane, wheelchair, and walker in his cell.  Second Am. Compl. ¶¶ 40, 43-46, 55(l); Flemming Mem. of Law ¶ 72.  However, Flemming has failed to assert any serious medical need necessitating such assistive devices and constitute a need outweighing the penological and institutional safety concerns and regulations which otherwise support the prohibition of inmates from having such devices which could be used as weapons.

Moreover, Flemming asserts that defendants Boucard and Weissman placed him on a diet of loaf and cabbage for seven to fifteen days at a time.  Second Am. Compl. ¶ 55(l), (m); Flemming Mem. of Law ¶ 72.  Again, these allegations, while naming the defendants allegedly involved, are inadequate otherwise.  Even if these allegations would suffice under the general pleading requirements, a loaf-and-cabbage diet is insufficient to plead an Eighth Amendment violation.  See, e.g. Smith v. Burge, No. 03-CV-955 (LEK/GHL), 2006 WL 2805242, at *11 n.78 (N.D.N.Y. Sept. 28, 2006) (gathering numerous cases holding that a loaf-and-cabbage diet is insufficient to allege a constitutional deprivation).

---

[10] Flemming asserts that on one occasion, March 30, 2004, Lovette confiscated some of his legal documents.  Second Am. Compl. ¶ 16.  Again, the documents and any prejudice which Flemming suffered were not alleged.

13

Lastly, it appears that Flemming has sufficiently pled facts pertaining to the two use-of-force incidents on September 5 and October 16, 2005. Second Am. Compl. ¶¶ 51, 53-55, Docket No. 85 at 48-61, 63-72. Flemming alleges only that Bezio gave multiple orders to use force against him and that Kourofsky was involved in the assault on October 16. Id. ¶¶ 53-55, 60. Flemming also attached portions of the reports on those dates. Docket No. 85 at 48-61, 63-72. However, the defendants identified in Flemming's second amended complaint were not included in the voluminous incident reports submitted and relied upon by Flemming. Additionally, Flemming did not use those reports to amend his complaint properly and to name the proper parties from the documents upon which he relied.[11] The only individual that is both named as a defendant and involved in the use of force incidents was Charland. However even construing Flemming's submissions in the light most favorable to him, it is impossible to discern what, if any, action or inaction was done by Charland as Flemming makes reference to no other corrections officers except Kourofsky when describing the October 16 incident.

Therefore, despite a close examination of the second amended complaint and Flemming's submissions, it is impossible to determine what, if anything, each – indeed, any – person named in the second amended complaint allegedly did, or failed to do, constituting a deprivation of Flemming's rights. Accordingly, defendants' motion should be granted on

---

[11] The individuals identified in the report for September 5 are J. Hyde, S. Tulip, F. Brousseau, J. Rushlow, and D. Paquin. Docket No. 85 at 48-61. J. King operated the video camera and K. Eddy was in charge of decontaminating Flemming. Id. at 55, 60. The supervising officer was Lt. O'Connell. Id. at 54. None of these individuals are named defendants. Additionally, the individuals identified in the report for the October 16 incident are M. Tolman, T. Boulrice, J. Rufa, J. Burroughs, T. Charland, B. LeClair, and B. Bush. Id. at 63-72. None except Charland are named as defendants in this case.

this ground as well.

### 3. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable for the . . . official to believe that his [or her] acts did not violate those rights." Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525 *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Flemming's allegations as true, he has not shown that any of defendants violated his constitutional rights.

15

Accordingly, it is recommended in the alternative that defendants' motion on this ground be granted.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

    1. Defendants' motion to dismiss (Docket No. 84) be **GRANTED** and Flemming's second amended complaint (Docket No. 81) be **DISMISSED** with prejudice as to all defendants except Mitchell and Patrica; and

    2. The second amended complant be **DISMISSED** without prejudice as to Mitchell and Patrica.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  September 9, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge