UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WOODROW FLEMING,

                        Plaintiffs,

      v.                                           9:06-cv-026

GLENN GOORD, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

In January 2006, Plaintiff filed a Complaint in this matter asserting claims pursuant to 42 U.S.C. § 1983. In February 2006, the Court issued an Decision and Order noting that "the complaint fails to set forth any specific allegations of wrongdoing by each of the [thirty six named] defendants. Accordingly, it is impossible for this Court to determine what, if anything, each person named in the complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights." Plaintiff was directed to file an amended complaint curing the deficiencies identified in the Court's Order.

Plaintiff filed an amended complaint, which Defendants then moved to dismiss. Upon review of the motion to dismiss, the assigned Magistrate Judge noted that the amended complaint "fails substantially to satisfy the requirement of [Rules 8 and 10]. . . [and that Plaintiff] has still failed to set forth specific allegations as to the alleged wrong doing of each defendant." The Magistrate Judge recommended that Plaintiff be afforded thirty days to file a second amended complaint complying with the noted deficiencies and the

requirements of Fed. R. Civ. P. 8 and 10.  This Court adopted the Magistrate Judge's Report and Recommendation.

Plaintiff then filed a Second Amended Complaint, which Defendants again moved to dismiss.  Upon review, the Magistrate Judge recommended that the Complaint be dismissed as to all Defendants.  This Court adopted the Report and Recommendation.

On September 29, 2008, Judgment was entered dismissing this action.  Plaintiff appealed.  On May 15, 2009, the Second Circuit issued a mandate dismissing the appeal "because it lacks an arguable basis in law or fact."  On February 8, 2010, Plaintiff filed a motion to vacate the judgment.  This motion is currently pending before the Court.

A motion under Rule 60(b)(1)-(3) must be made within one year after the judgment.  See Fed. R. Civ. P. 60(c)(1).  Here, Plaintiff's motion, which is primarily based on Rule 60(b)(2) (newly discovered evidence) was made more than one year after judgment and, therefore, he cannot obtain relief pursuant to Rule 60(b)(1)-(3).  Plaintiff does not assert any grounds that would warrant relief under Rule 60(b)(4) or (5).  That leaves Rule 60(b)(6), which allows relief from a judgment for "any other reason that justifies relief."

A motion under Rule 60(b)(6) must be made within a reasonable time.  See Fed. R. Civ. P. 60(c)(1).  What is reasonable entails a balancing of the interest in finality with the reasons for the delay.  Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 190 n.8 (2d Cir. 2006).  "[A] Rule 60(b)(6) motion requires 'extraordinary circumstances,] which 'typically do not exist where the applicant fails to move for relief promptly.'" Id. (quoting 12 Moore's Federal Practice § 60.48[3][c] and Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 462 (2d Cir. 1994)).

Here, the Court finds that Plaintiff has not made the motion within a reasonable time. Plaintiff offers no justifiable reason why the motion could not have made sooner, particularly in light of the Second Circuit's dismissal of his appeal back in May 2009. See Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (Rule 60(b)(6) motion timely when made within days after remand to district court); Alston v. Quik Park Garage Corp., 205 F.3d 1321, 2000 WL 232188 (unpublished) (18 months was not a reasonable time); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648 (2d Cir. 1979). The Court further finds that, assuming the motion to be timely, Plaintiff has failed to present extraordinary circumstances warranting relief under Rule 60(b)(6).

Accordingly, Plaintiff's motion to vacate is DENIED.

IT IS SO ORDERED.

DatedApril 1, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge