UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WOODROW FLEMMING,

                         Plaintiff,

     vs.                                                         06-CV-0026

GLENN GOORD, et al.,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

      Woodrow Flemming, an inmate in custody of the New York State Department of Correctional Services (DOCS), brings this *pro se* action pursuant to 42 U.S.C. 1983 alleging that defendants, DOCS employees, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Presently before the Court is Flemming's motion for reconsideration of the Court's denial of his prior motion to vacate (Dkt. 116). For the following reasons, Flemming's motion for reconsideration is **DENIED**.

      The Court assumes familiarity with the facts of the case, as they have been extensively set out in the docket. See Dkt. Nos. 78, 104, 116.

**I.**      **Motion for Reconsideration**

      Motions for reconsideration are governed by Local Rule 7.1(g) and Fed. R. Civ. P. 60. To succeed on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked-matters, in other words, that might

reasonably bee expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, courts in this District recognize only three grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or, (3) the need to correct a clear error of law or prevent manifest injustice. In re C-TC 9th Ave. Partnership, 182 B.R. 1, 3 (N.D.N.Y. 1995).

Upon consideration of Plaintiff's motion and all prior proceedings in this matter, the Court finds that Plaintiff has failed to meet the standard for reconsideration. Plaintiff is simply rehashing the same arguments that have been rejected by this Court and the Second Circuit time and again. Therefore, Plaintiff's motion for reconsideration is **DENIED**.

## II.     Flemming's Abuse of the Judicial Process

Defendants request that, pursuant to the All Writs Act (28 U.S.C. 1651), the Court issue an order enjoining Plaintiff from filing any further motions under this docket number without leave of the Court. Defendants assert this is necessary because Plaintiff continues to re-litigate old issues which have been decided and rejected by this Court and the Second Circuit. Defendants claim that Plaintiff's conduct amounts to harassment and imposes an extreme burden to the Defendants, defense counsel, and the court.

The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an unnecessary burden on the court. Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000). Under the All Writs Act, a court may

sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court.  Malley v. New York City Bd. of Educ., 112 F.3d 69, 69-70 (2d Cir. 1997); Horoshko v. Citibank, N.A., 373 F.3d 248, 250 (2d Cir. 2004).

In determining whether or not to restrict a litigant's future access to the courts, the court considers:

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

For the following reasons, the Court finds that an injunction is proper.  First, a review of the litigation history of this case shows that almost every motion has been held to be frivolous or duplicative.  Second, Plaintiff cannot have had a good faith expectation of prevailing in many of his motions because his claims have been extensively litigated and found to have no legal or factual basis.  Third, although Plaintiff is a *pro se* litigant, he has extensive litigation experience.[1]  Fourth, Plaintiff has caused needless harassment

---

[1] Flemming has filed at least nineteen other federal actions in this District since 2004.  Case Management/Electronic Case Filing System, U.S. Party/Case Index, https://ecf.nynd.uscourts.gov/cgi-bin/ShowIndex.pl (last visited Apr. 19, 2011).

and extreme burden on the Defendants and the Court (see Dkt. 118 at 1).  Fifth, in light of Plaintiff's litigation history, it does not appear that any other sanction, short of an injunction, will be adequate to protect the Court and the Defendants from Plaintiff's insatiable appetite for continued litigation. See Ulysses I & Co., Inc. v. Feldstein, 01 CV 3102, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), aff'd sub nom, Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27 (2d Cir. 2003).

Pursuant to 28 U.S.C. 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, Plaintiff is hereby prohibited from making any future filings in this matter without prior leave of the Court.

It is therefore **ORDERED** that:

1. Plaintiff' Motion of Reconsideration (Dkt. 117) is **DENIED**;

2. Plaintiff is barred from making any future filings in this matter without first obtaining leave of the Court; and

3. The Clerk of the Court shall serve a copy of this Decision and Order on the Plaintiff by regular mail at his last known address.

**IT IS SO ORDERED.**

Dated: April 21, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge